IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

          Plaintiff/Respondent

v.                                           Case No. 03-20085-JWL
                                                    06-3130-JWL

Carlos Gasca,

          Defendant/Petitioner.

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's pro se motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6), filed August 29, 2008 (Doc. 278). Defendant asks the court to reopen his previously unsuccessful habeas corpus action, based on the provision in Rule 60(b)(6) that a party may be relieved of a final judgment in a civil action for any reason "that justifies relief."  For several reasons that will be discussed below, defendant's motion is denied.

### Background

Defendant pleaded guilty Aug. 12, 2004 to one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §846 and later was sentenced to 360 months in prison based on sentencing guidelines and a statutory mandatory minimum.  Defendant appealed his conviction and sentence to the United States Court of Appeals for the 10th Circuit.  On Dec. 27, 2005, the appellate court dismissed defendant's appeal and granted the government's motion to enforce its

plea agreement with defendant, which included a waiver of rights to appeal and collaterally attack his sentence (*See* Doc. 230).

On May 2, 2006, defendant filed a petition with this court for habeas corpus relief under 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel that caused him to enter a guilty plea he did not understand (Doc. 240).  In response, the government filed a motion to enforce the plea agreement (Doc. 242). While those motions were pending, the attorney whom defendant had newly retained to handle his § 2255 motion received a disciplinary sanction of one years' suspension from the practice of law in Kansas based on matters not involving defendant.  This court notified defendant of this turn of events in a June 27, 2006 order and informed defendant that he had until July 28, 2006 to either retain new counsel or file a pro se response to the government's motion to enforce the plea agreement (Doc. 248).  The deadline came and went with no response from defendant, and on August 4, 2006, the court summarily granted the government's motion to enforce the plea agreement and denied defendant's § 2255 motion (Doc. 250).

On October 10, 2006, defendant filed a motion with this court seeking a Certificate of Appealability (COA) of the court's summary denial of the § 2255 motion (Doc. 256).  In a memorandum and order dated October 27, 2006, this court denied defendant's request for a COA and noted in detail the colloquy between the trial court and the defendant through an interpreter at the time he entered his plea, which conflicted with defendant's assertions that he did not understand his plea agreement (*See* Doc. 257).

2

In denying the petition for COA, this court held that defendant had failed to show that reasonable jurists would find it debatable whether (a) the court erred in its procedural ruling or (b) the defendant's petition for a COA had stated a valid claim of the denial of a constitutional right (Doc. 257).  On June 11, 2007, the United States Court of Appeals for the 10th Circuit also denied defendant's request for a COA "[f]or substantially the same reasons set forth by the district court" (Doc. 267).

On Aug. 29, 2008, defendant filed a motion under Federal Rule of Civil Procedure 60(b)(6) asking this court to relieve him of the final judgment in the disposition of his **§** 2255 motion or, at a minimum, to grant an evidentiary hearing to determine whether his plea was made voluntarily (Doc. 279).

Discussion:

### A. Classifying defendant's motion

When faced with a Rule 60(b) motion in the context of habeas corpus proceedings, the court's first task is to determine whether the motion is a "true" Rule 60(b) motion, a second or subsequent motion for relief under 28 U.S.C. § 2255, or a hybrid of the two. *See Spitznas v. Boone*, 464 F.3d 1213, 1216-17 (10th Cir. 2006).  A motion is a "true" Rule 60 motion if it challenges only (a) a procedural ruling that precluded a determination of a habeas petition on the merits, or (b) the integrity of the proceedings used to adjudicate the petition.  *Id.* at 1215-16. By contrast, a motion labeled a 60(b) motion is actually a second or subsequent § 2255 petition if it reasserts a substantive basis for relief from the underlying sentencing and/or conviction.  *See id.* at 1215.

3

The court should interpret pro se pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Applying this standard, some elements of defendant's Rule 60(b) motion could be construed as challenging the procedures used to adjudicate his § 2255 petition, namely (a) that he suffered prejudice by virtue of his retained attorney's suspension from the practice of law, and (b) that he was entitled to an evidentiary hearing.

The bulk of the claims made by defendant, however, relate not to the § 2255 procedures but to the underlying issues raised during his first § 2255 proceeding, namely that defendant received ineffective assistance of counsel and therefore did not understand his potential sentence or his waiver of appeal. The court lacks jurisdiction to consider these matters to the extent that they constitute a second or successive § 2255 petition that has not been authorized by the circuit court of appeals.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  The district court may transfer such claims to the circuit court under 28 U.S.C. § 1631 if it concludes that it is in the interest of justice to do so.  *Id.* at 1252.  Because defendant's petition does not raise any new factual issues or new rules of constitutional law regarding his underlying plea agreement and conviction, this court concludes that the § 2255 claims within defendant's petition are not likely to have merit and therefore that it is not in the interest of justice to transfer them to the circuit court. The claims based on defendant's underlying conviction and sentence are, therefore, dismissed.

## B. Rule 60(b)(6) claims

This court denies defendant's motion for relief under Rule 60(b)(6) for several reasons: first, it is not timely; second, defendant does not allege any facts sufficient to overcome the previous holdings by this court and the appellate court that defendant validly waived his right to collaterally attack his sentence; and third, defendant has failed to meet the high burden required to establish that relief under Rule 60(b)(6) is warranted.

Based on the language of Rule 60(b), a motion filed under Rule 60(b)(6) must be filed within a "reasonable time." A party who delays in filing a Rule 60(b) motion after discovering the grounds for the motion must present "sufficient justification for the delay." *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005). In *Sorbo*, the petitioner had waited almost one year to the day after a grant of summary judgment before filing a motion under Rule 60(b). *Id.* at 1177. The court held that the trial court was within its discretion to deny petitioner's motion as not filed within a "reasonable time" because the motion was based on information available to the defendant at the time summary judgment was granted. *Id.* In the instant case, defendant filed his Rule 60(b) motion more than two years after this court denied his § 2255 motion and more than 14 months after the appellate court dismissed his appeal on the § 2255 matter. Defendant's new motion does not allege any facts that would not have been known to him at the time of his previous § 2255 adjudication, yet defendant offers no justification for waiting two years to file the Rule 60(b) motion. For these reasons, this court concludes that the motion has not been filed within a "reasonable time."

5

Even if defendant's motion had been filed in a timely manner, the court would not grant the relief defendant seeks because this court and the appellate court have already determined, based on the record, that defendant's waiver of his rights to appeal and collaterally attack his sentence are enforceable.  Specifically, the appellate court, after considering defendant's written plea agreement and the transcript of his change-of-plea hearing, held that defendant "has failed to assert a colorable claim of ineffective assistance of counsel that would vitiate the plea agreement."  The record reflects a knowing and voluntary waiver of rights to collateral attack, and it contradicts the assertions in defendant's § 2255 petition, which are repeated in defendant's Rule 60(b) motion.  In essence, defendant is asking this court to reopen a collateral attack to which he is not entitled by virtue of his waiver, which both this court and the appellate court have found to be enforceable.

Finally, a petitioner seeking relief under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment," which will occur only rarely in the habeas context.  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).  The fact that defendant's retained attorney was suspended from the practice of law shortly after the filing of the § 2255 petition doubtless caused some inconvenience for the defendant. However, this court gave defendant a month to either respond pro se or retain a new attorney, and defendant failed to do so.  This turn of events does not rise to the level of "extraordinary circumstances."  Nor does the court's failure to grant an evidentiary hearing justify relief under Rule 60(b)(6).  The district court must conduct an evidentiary

hearing on a § 2255 petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C.S. § 2255(b). Although this court summarily denied defendant's § 2255 petition before an evidentiary hearing because of defendant's failure to respond to the government's motion to enforce the plea agreement, the court later addressed the merits of defendant's § 2255 allegations in denying defendant's application for a COA.  As previously noted, the appellate court upheld this court's denial of a COA and stated that, based on the record, defendant had failed to make a colorable claim of ineffective assistance of counsel that would overcome his plea agreement.

Because all of the remaining issues raised by defendant in his Rule 60(b) motion relating to his plea either could have been raised in his original § 2255 petition or were in fact raised at that stage, defendant has failed to establish "extraordinary circumstances" justifying relief.

<u>Conclusion</u>

For the foregoing reasons, defendant's motion for relief under Rule 60(b)(6) is denied.  To the extent that defendant's motion constitutes a second or successive § 2255 motion, those claims are dismissed because the court lacks jurisdiction to consider them and declines to transfer them to the appellate court.

IT IS SO ORDERED.


Signed this 24th day of November, 2008.

7

s/John W. Lungstrum
JUDGE JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE