# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                Case No. 03-20085-02-JWL
                                                           13-2435-JWL

Carlos Gasca,

        Defendant.

## MEMORANDUM AND ORDER

In August 2004, defendant Carlos Gasca entered a plea of guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine. Another judge in this district sentenced Mr. Gasca to a term of 360 months' imprisonment. Mr. Gasca filed an appeal, which the Tenth Circuit dismissed in December 2005 in light of the waiver of appellate rights contained in the plea agreement. In May 2006, Mr. Gasca filed a motion to vacate his sentence under 28 U.S.C. § 2255 which this court denied. Mr. Gasca has now filed another motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 292). Because the motion constitutes a second or successive motion under § 2255, Mr. Gasca must obtain authorization from the Tenth Circuit prior to filing it. *See* 28 U.S.C. § 2255(h). He has not shown that he obtained such authorization and, thus, this court lacks jurisdiction to consider Mr. Gasca's motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Thus, the court must either dismiss Mr. Gasca's claim for lack of jurisdiction or transfer the motion to the Tenth Circuit for a determination whether to permit successive § 2255 proceedings. *See United States*

*v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id*.

The court declines to transfer Mr. Gasca's motion to the Circuit as it is not in the interest of justice to do so. It is unlikely that Mr. Gasca's claims have merit which further counsels against transfer. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). While Mr. Gasca's motion is based on a new rule of constitutional law—namely, the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2103)—the Supreme Court has not indicated that *Alleyne* applies retroactively on collateral attack. *See* 28 U.S.C. § 2255(h)(2); *Simpson v. United States*, ___ F.3d ___, 2013 WL 3455876, at *1-2 (7th Cir. July 10, 2013) (declining to authorize successive collateral attack for claim under *Alleyne*). Mr. Gasca's claim, then, does not satisfy the requirements of § 2255(h) (successive motion must be based on newly discovered evidence or a new rule of constitutional law "made retroactive to cases on collateral review by the Supreme Court" that was previously unavailable).

The court dismisses this action for lack of jurisdiction; declines to transfer the action to the Tenth Circuit; and declines to issue a certificate of appealability as no reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Gasca's motion for relief under 28 U.S.C. § 2255 (doc. 292) is dismissed for lack of jurisdiction. The court declines to transfer the action to the Tenth Circuit and declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 28th day of August, 2013, at Kansas City, Kansas.

                                                    s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge